UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**05-23279**

Case No. **CIV-ALTONAGA**

MAGISTRATE JUDGE
TURNOFF

TRACFONE WIRELESS, INC.

Plaintiff,

vs.

SOL WIRELESS GROUP, INC.,
CARLOS PINO, JORGE ROMERO,

Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff TracFone Wireless Inc. ("TracFone") hereby sues Sol Wireless Group, Inc. ("Sol Wireless"), Carlos Pino, and Jorge Romero (collectively, "Defendants"), and states:

### INTRODUCTION AND BACKGROUND

1.  This is an action for injunctive relief and damages arising out of Defendants' infringement of TracFone's trademarks and other rights in wireless telephones made by Nokia for TracFone to enable consumers to use TracFone's prepaid wireless service. As set forth in this Complaint, Defendants are engaged in an unauthorized and illegal wireless telephone business dependent on handset or phone software computer hacking, the alteration of TracFone's proprietary handset or phone software computer code, infringement of TracFone's incontestable trademarks, unfair competition and violations of other state and federal laws.

2.  Defendants perpetrate their unlawful business practices by purchasing TracFone prepaid wireless telephones from retail stores such as Wal-Mart, Target or Sam's Club, hacking into and erasing or disabling the TracFone proprietary prepaid software that enables consumers to access TracFone's prepaid wireless service, and then reselling the wireless telephones as new for use on other wireless carriers' networks/systems. Together with now unknown civil conspirators, Defendants' misconduct is causing TracFone to incur millions of dollars in losses.

### PARTIES, JURISDICTION AND VENUE

3.  TracFone is a Florida corporation, with its principal place of business in Miami, Florida.

4.  On information and belief, Sol Wireless is Florida corporation, with its principal place of business in Miami, Florida.

5.  On information and belief, Carlos Pino is the President of Sol Wireless and is a resident of Florida.

6.  On information and belief, Jorge Romero is the Vice President of Sol Wireless and is a resident of Florida.

7.  Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331, 1338, and 17 U.S.C. § 1203 because TracFone's claims for violations of the United States Copyright Act and the United States Trademark Act arise under federal law. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over TracFone's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

8.  Venue is proper pursuant to 28 U.S.C. § 1391(b) and 1400 because the Defendants reside in the Southern District of Florida, a substantial part of the events or omissions

giving rise to the claims occurred in this judicial district, and there is no district in which the action may otherwise be brought.

## GENERAL ALLEGATIONS

9. TracFone is the largest provider of prepaid wireless telephone service in the United States. TracFone's service enables its customers to prepay for their wireless service by purchasing airtime cards and specially manufactured wireless phones. Customers load airtime into their TracFone wireless phones using codes generated from the PIN numbers found on the airtime cards. TracFone wireless phones and airtime cards are sold through major national retailers such as Wal-Mart, Target, and Sam's Club.

10. Among the manufacturers that produce wireless phones for TracFone is Nokia. Nokia installs at its factories special proprietary prepaid software, developed and owned by TracFone ("TracFone Prepaid Software"), into wireless phones sold to TracFone ("TracFone/Nokia prepaid phones"). The proprietary TracFone Prepaid Software prevents the phones from being used without loading airtime minutes from a TracFone prepaid airtime card.

11. TracFone sells its TracFone/Nokia prepaid phones to consumers for substantially less than it pays to purchase them from Nokia. TracFone recoups its losses on the sale of its TracFone/Nokia prepaid phones by earning its profits through the sale of prepaid airtime cards required to make and receive calls.

12. As set forth in more detail below, Defendants have engaged in an unlawful practice of purchasing discounted TracFone/Nokia prepaid phones at retail outlets, hacking into and removing the TracFone Prepaid Software thereby preventing their use for accessing the TracFone service and allowing their use with other services, and reselling the unlawfully unlocked phones as new for a substantial profit.

13. Defendants' actions have substantially harmed TracFone by, *inter alia,* depriving TracFone of the opportunity to recoup its losses on the sale of its TracFone/Nokia prepaid phones and to earn profits by providing wireless service to those phones. Defendants' actions also substantially harm consumers who ultimately purchase TracFone handsets that have been improperly unlocked. These phones will not work as intended, and are unable to access TracFone's prepaid wireless service.

## ALLEGATIONS REGARDING SOL WIRELESS

14. In August 2005 TracFone was made aware that Sol Wireless had purchased large quantities of TracFone prepaid wireless phones in the Miami, Florida area.

15. TracFone retained a private investigator firm to determine whether Defendants were misusing its prepaid wireless handsets.

16. The investigators contacted Sol Wireless and arranged for the purchase several Nokia 1100 wireless phones and several Nokia 2600 wireless phones.

17. While at Sol Wireless, one of the investigators observed defendant Pino take a Nokia 1100 wireless handset out of a plastic bag, remove the back cover of the phone, and insert a small, black, square-shaped device approximately three inches in diameter into the back of the wireless phone where the battery is located. The device was then connected by a black curled cord, similar to a telephone cord, to the back of a computer located on top of the desk. After a short time, the device was removed from the back of the wireless phone. This action took approximately one to two minutes to accomplish. Pino performed the same process on each of Nokia wireless phones purchased by the investigator. The phones, along with a battery and charger, were then packaged in Nokia container boxes.

18. The investigator then purchased the Nokia wireless phones. Pino printed a Sol Wireless invoice which contained the models that were purchased and the statement "One year guarantee from Nokia and 30 days from Sol Wireless" printed in Spanish. The invoice listed the Nokia 1100's as "Nokia 1100 New" and described them as "New Handset[s]." The Nokia 2600's were described as "new complete."

19. While inside Pino's office, the investigator observed unfolded Nokia container boxes. The Nokia container boxes used to package the phones the investigator purchased, as well as the unfolded Nokia boxes, were missing general phone information such as the IMEI Number and the UPC Barcode. The Nokia container boxes did, however, contain the reflective Nokia brand stickers.

20. The phones purchased from Sol Wireless were then delivered to TracFone headquarters for examination by TracFone's technicians and fraud analyst experts. TracFone's experts concluded after reviewing the IMEI Numbers located on each phone that the phones were manufactured by Nokia for TracFone, and had originally been programmed with the TracFone Prepaid Software. The phones had the TracFone name and logo on the bottom and the back of each handset, also indicating that they were manufactured by Nokia for TracFone. TracFone's proprietary prepaid software had been disabled or erased, and could no longer access the TracFone prepaid wireless service. The phones were also "unlocked," permitting them to be used on virtually any carrier's network.

## COUNT ONE
## FEDERAL TRADEMARK INFRINGEMENT

21. TracFone incorporates and realleges the allegations of paragraphs 1-20 above.

22.     TracFone is one of the oldest and leading providers of national prepaid wireless services. TracFone has used, and continues to use, trademarks in commerce including the mark TRACFONE. In particular, TracFone owns and has so used the registered trademarks identified below:

A. Incontestable United States Trademark Registration No. 2,114,692, issued November 18, 1997, for TRACFONE, used in connection with prepaid airtime cellular telephones and cellular telephone accessories, in international category 9; for cellphone telephone services and providing monitoring and control services for use in connection with prepaid airtime cellular phones and debit cards, in international category 38; and wholesale distributorship featuring the same, in international category 42, issued on November 18, 1997 and based on dates of first use in June, 1996.

B. Incontestable United States Trademark Registration No. 2,71,017, issued September 9, 2003, for TRACFONE and Design, used in connection with prepaid air time cellular telephones and cellular telephone accessories in international category 9; for on-line retail store services featuring the same, in category 35; and for cellular telephone services and monitoring and control services for use in conjunction with prepaid airtime cellular phones and debit cards, in category 38, issued on September 9, 2003 and based on dates of first use in December, 2001.

23.     TracFone's aforementioned marks constitute the lawful, valued, subsisting and exclusive property of TracFone, and as a result of the high quality of TracFone's services, sales,

CARLTON FIELDS, P.A.
4000 International Place - 100 Southeast Second Street - Miami - Florida 33131-9101 - 305.530.0050

promotion and advertising thereof, the marks have become an intrinsic and essential part of the valuable goodwill and property of TracFone, and are well known and established to customers and the trade as symbols identifying and distinguishing TracFone's services and signifying distinctive services of exceptional quality.

24. Defendants' aforementioned conduct entailed use of the marks without authorization in connection with the sale and offering for sale of their hacked and modified TracFone handsets, which downstream customers will discover are not capable of use with the TracFone prepaid wireless service.

25. Defendants' use of TracFone's marks in connection with the sale of hacked and modified TracFone handsets has caused, and will further cause, a likelihood of confusion, mistake and deception as to the source of origin of Defendants' products, as to the relationship between TracFone and Defendants; and Defendants' unauthorized use is likely to continue in the future, all to the great and irreparable damage to the business, reputation and goodwill of TracFone.

26. Defendants' use of the TracFone trademark in connection with the hacked and modified TracFone handsets, which are no longer capable of use with the TracFone prepaid wireless service, constitutes a misappropriation of TracFone's distinguishing and identifying marks that were created as a result of effort and expense by TracFone over a long period of time. Defendant's use evokes an immediate, favorable impression or association and constitutes a false representation that the products and business of Defendants have some connection, association, or affiliation with TracFone, and thus constitutes false designation of origin.

27. Defendants, in committing the foregoing acts in commerce, have damaged and will continue to damage TracFone and the reputation and goodwill of TracFone, and each has

unjustly enriched and will continue to unjustly enrich itself at the expense of TracFone. TracFone is without an adequate remedy at law to redress such acts, and will be irreparably damaged unless Defendants are enjoined from committing and continuing to commit such acts.

28.   As a complete ground for relief, the Defendants' aforesaid acts constitute infringement of TracFone's federally registered trademarks in violation of 15 U.S.C. § 1114.

## COUNT TWO
## FEDERAL UNFAIR COMPETITION

29.   TracFone incorporates and realleges the allegations of paragraphs 1-28 above.

30.   As a complete ground for relief, the Defendants' aforesaid acts constitute unfair competition in violation of 15 U.S.C. § 1125(a).

## COUNT THREE
## INJURY TO BUSINESS REPUTATION AND DILUTION OF MARK

31.   TracFone incorporates and realleges the allegations of paragraphs 1-20 above.

32.   TracFone is the largest provider of prepaid wireless telephone service in the United States. It is in the business of and has earned a reputation for providing its customers with high quality prepaid wireless telephone service.

33.   The TracFone prepaid wireless phones that Defendants unlocked and resold as new are branded with the TracFone name.

34.   Defendants' sale of altered TracFone prepaid wireless phones as new products carrying the TracFone trademark harms TracFone's goodwill and business reputation because the handsets can no longer operate as TracFone intended and cannot access the TracFone prepaid wireless service. Purchasers of the altered handsets are likely to attribute malfunctions and poor service due to Defendants' alterations to TracFone.

35. Purchasers are also likely to contact TracFone's customer care department with complaints and questions, causing TracFone to incur substantial costs associated with responding to such inquiries. In addition, TracFone's customer service personnel will be diverted from assisting TracFone's legitimate customers, thereby causing additional harm to TracFone's business reputation and goodwill as a result of Defendants' misconduct.

36. Defendants' continued sale of altered TracFone prepaid wireless handset units is likely to injure TracFone's business reputation and dilute the distinctive quality of their marks, trade names, or labels in violation of § 495.151, Fla. Stat.

37. TracFone requests preliminary and permanent injunctive relief against Defendants pursuant to § 495.151, Fla. Stat.

## COUNT FOUR
## UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES

38. TracFone incorporates and realleges the allegations of paragraphs 1-20 above.

39. Defendants' conduct in purchasing TracFone prepaid cellular phones, disabling or removing the TracFone Prepaid Software from those prepaid phones, then reselling those phones constitutes an unfair method of competition, an unconscionable act or practice, and/or an unfair or deceptive act or practice in violation of § 501.204, Fla. Stat.

40. In addition, the TracFone prepaid cellular phones that Defendants unlocked and resold as new are branded with the TracFone name. Defendants' sale of altered TracFone prepaid wireless phones as new products carrying the TracFone trademark constitutes an unfair method of competition, an unconscionable act or practice, and/or an unfair or deceptive act or practice in violation on § 501.204, Fla. Stat.

41.     TracFone has suffered damage as a direct and proximate result of Defendants' conduct.  Pursuant to § 501.211, TracFone is entitled to enjoin Defendants from any further violations of this section.  Section 501.211 further provides that TracFone is entitled to recover its actual damages, plus attorneys' fees and court costs.

## COUNT FIVE
### CIRCUMVENTION OF TECHNOLOGICAL MEASURES THAT CONTROL ACCESS TO PROPRIETARY SOFTWARE
### (TRACFONE PREPAID SOFTWARE)

42.     TracFone incorporates and realleges the allegations of paragraphs 1-20 above.

43.     The TracFone Prepaid Software contains technological measures that in the ordinary course of the measures' operation require the application of information, or a process or a treatment, with TracFone's authority, to gain access to the proprietary software as set forth in 17 U.S.C. § 1201.

44.     The TracFone Prepaid Software contains technological measures that effectively control access to the proprietary software.

45.     TracFone did not give Defendants authority to descramble or decrypt or otherwise to avoid, bypass, remove, disable, deactivate, or impair the technological measures for effectively controlling access to and operation of the TracFone Prepaid Software.

46.     TracFone did not grant Defendants the authority to circumvent the technological measures for effectively controlling access to the TracFone Prepaid Software.

47.     Defendants avoided, bypassed, removed, disabled, deactivated, or impaired a technological measure for effectively controlling access to the proprietary software within the TracFone Prepaid Software without TracFone's authority.

48. Defendants circumvented a technological measure that effectively controls access to the TracFone Prepaid Software that is protected under title 17 of the United States Code, and thereby violated 17 U.S.C. § 1201(a)(1).

49. Defendants' actions have caused and, unless restrained, will continue to cause TracFone severe, immediate, and irreparable injury and damages for which TracFone has no adequate remedy at law. TracFone is entitled to injunctive relief restraining such conduct, an award of damages, including punitive damages, as well as other equitable and legal relief.

## COUNT SIX
### TRAFFICKING IN SERVICES THAT CIRCUMVENT TECHNOLOGICAL MEASURES PROTECTING PROPRIETARY SOFTWARE

50. TracFone incorporates and realleges the allegations of paragraphs 1-20 above.

51. Defendants are in possession of certain instrumentalities that avoid, bypass, remove, disable, deactivate, or otherwise impair the technological measures within the TracFone Prepaid Software that effectively control access to the proprietary software.

52. Defendants have trafficked in the service of circumventing the technological measures that protect the TracFone Proprietary Software from alteration or modification.

53. Individuals purchasing altered phones from Defendants purchase both the TracFone prepaid wireless phone and the service of circumventing the technological measures that protect the TracFone Prepaid Software from alteration or modification provided by Defendants or co-conspirators.

54. Accordingly, Defendants have trafficked and continue to traffic in the service of circumventing TracFone's technological measures that effectively control access to TracFone's proprietary software by offering to the public its alteration service for a fee.

55. The service of altering the TracFone Prepaid Software in TracFone prepaid wireless phones is primarily designed or produced for the purpose of circumventing the technological measures that effectively control access to TracFone's proprietary software, which is protected under title 17 of the United States Code.

56. Accordingly, Defendants have violated and continue to violate Section 1201(a)(2)(A) of the Copyright Act and, as a result, TracFone has been irreparably injured and will continue to be irreparably injured unless the violating activities of Defendants are enjoined by this Court.

57. The service of altering the TracFone Prepaid Software has, at most, only a limited commercially significant purpose or use other than circumventing TracFone's technological measures that effectively control access to TracFone's proprietary software that is protected under title 17 of the United States Code.

58. Therefore, Defendants have violated and continue to violate Section 1201(a)(2)(B) of the Copyright Act and, as a result, TracFone has been irreparably injured and will continue to be irreparably injured unless the violating activities of Defendants are enjoined by this Court.

### COUNT SEVEN
### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS AND PROSPECTIVE ADVANTAGE

59. TracFone incorporates and realleges the allegations of paragraphs 1-20 above.

60. A business relationship and an expectancy of business relationships exist between TracFone and the purchasers and prospective purchasers of its phones and service.

61. There exists a high probability of future economic benefit to TracFone as a result of these present and prospective relationships.

62.     Defendants have knowledge of and have intentionally and unjustifiably interfered with the relationships and with prospective relationships between TracFone and its customers. Specifically, but without limitation, Defendants knew that TracFone prepaid wireless phones are designed for the use by TracFone customers for TracFone service. Defendants are intentionally interfering with these relationships through improper means and in violation of the law.

63.     But for Defendants' conduct, TracFone was reasonably certain to have continued its business relationships and prospective relationships with its customers.

64.     TracFone has been damaged and continues to be damaged as a result of Defendants' interference.

## COUNT EIGHT
## TORTIOUS INTERFERENCE WITH THE BUSINESS RELATIONSHIP BETWEEN TRACFONE AND NOKIA

65.     TracFone incorporates and realleges the allegations of paragraphs 1-20 above.

66.     A business relationship exists between TracFone and Nokia.

67.     TracFone contracts with Nokia for the production of handsets specially designed for use only by TracFone customers to access TracFone's prepaid wireless service. Defendants have defeated and continue to defeat the purpose of these contracts by erasing or disabling the TracFone Prepaid Software and thereby preventing the handsets from accessing TracFone's prepaid wireless service. As a result, Defendants have jeopardized TracFone's business relationship with Nokia.

68.     Defendants have knowledge of and have intentionally and unjustifiably interfered with the relationship between TracFone and Nokia. Specifically, but without limitation, Defendants knew that TracFone prepaid wireless phones are designed for the use by TracFone

customers for TracFone service. Defendants are intentionally interfering with this relationship through improper means and in violation of the law.

69. TracFone has been irreparably harmed and continues to be damaged as a result of Defendants' interference.

WHEREFORE, TracFone respectfully requests that this Court enter final judgment in favor of TracFone and against Defendants for the damages it sustained, treble the amount of actual damages in accordance with applicable law, an accounting for all profits received by each Defendant in connection with its conduct, injunctive relief, and for its attorneys' fees and costs, and order any further relief as this Court deems just and proper.

/Steven J. Brodie
Florida Bar Number 333069
James B. Baldinger
Florida Bar Number 869899
CARLTON FIELDS, P.A.
P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone: 561.659.7070
Facsimile: 561.659.7368

*Attorneys for TracFone Wireless, Inc.*

**JS 44**
(Rev. 12/96)

# CIVIL COVER SHEET

05-23279

CIV-ALTONAGA

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTION ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
TRACFONE WIRELESS, INC.

### DEFENDANTS
SOL WIRELESS GROUP, INC., et al.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Dade County, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Dade County, FL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
James B. Baldinger, Carlton Fields, P.A., 222 Lakeview Avenue, Suite 1400, West Palm Beach, FL 33401 (561) 650-8026

ATTORNEYS (IF KNOWN)

MAGISTRATE JUDGE TURNOFF

1:05cv23279 / Altonaga / Turnoff

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: **DADE**, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- : 1 U.S. Government Plaintiff
- X 3 Federal Question (U.S. Government Not a Party)
- : 2 U.S. Government Defendant
- : 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only) (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | :1 | :1 | Incorporated or Principal Place of Business in This State | :4 | X 4 |
| Citizen of Another State | :2 | :2 | Incorporated and Principal Place of Business in Another State | :5 | :5 |
| Citizen or Subject of a Foreign Country | :3 | :3 | Foreign Nation | X 6 | :6 |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- X 1 Original Proceeding
- : 2 Removed from State Court
- : 3 Remanded from Appellate Court
- : 4 Reinstated or Reopened
- : 5 Transferred from another district (specify)
- : 6 Multidistrict Litigation
- : 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| : 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B : 610 Agriculture | : 422 Appeal 28 USC 158 | : 400 State Reapportionment |
| : 120 Marine | : 310 Airplane | : 362 Personal Injury-Med Malpractice | B : 620 Food & Drug | : 423 Withdrawal 28 USC 157 | : 410 Antitrust |
| : 130 Miller Act | : 315 Airplane Product Liability | : 365 Personal Injury-Product Liability | B : 625 Drug Related Seizure Of Property 21 USC 881 | | : 430 Banks and Banking |
| : 140 Negotiable Instrument | : 320 Assault, Libel & Slander | : 368 Asbestos Personal Injury Product Liability | B : 630 Liquor Laws | **A PROPERTY RIGHTS** | B: 450 Commerce/ICC Rates/etc |
| : 150 Recovery of Overpayment & Enforcement of Judgment | : 330 Federal Employers' Liability | | B : 640 R.R. & Truck | : 820 Copyrights | : 460 Deportation |
| : 151 Medicare Act | : 340 Marine | **PERSONAL PROPERTY** | B : 650 Airline Regs. | : 830 Patent | : 470 Racketeer Influenced and Corrupt Organizations |
| B: 152 Recovery of Defaulted Student Loans (Excl. Veterans) | : 345 Marine Product Liability | : 370 Other Fraud | B : 660 Occupational Safety/Health | X 840 Trademark | : 810 Selective Service |
| B: 153 Recovery of Overpayment of Veteran's Benefits | : 350 Motor Vehicle | : 371 Truth in Lending | B : 690 Other | | : 850 Securities/Commodities/Exchange |
| : 160 Stockholders' Suits | : 355 Motor Vehicle Product Liability | : 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | : 875 Customer Challenge 12 USC 3410 |
| : 190 Other Contract | : 360 Other Personal Injury | : 385 Property Damage Product Liability | : 710 Fair Labor Standards Act | : 861 HIA (1395ff) | : 891 Agricultural Acts |
| : 195 Contract Product Liability | | | : 720 Labor/Mgmt. Relations | : 862 Black Lung (923) | : 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | : 730 Labor/Mgmt. Reporting & Disclosure Act | : 863 DIWC/DIWW (405(g)) | : 893 Environmental Matters |
| : 210 Land Condemnation | : 441 Voting | B : 510 Motions to Vacate Sentence | : 740 Railway Labor Act | : 864 SSID Title XVI | : 894 Energy Allocation Act |
| B: 220 Foreclosure | : 442 Employment | **Habeas Corpus:** | : 790 Other Labor Litigation | : 865 RSI (405(g)) | : 895 Freedom of Information Act |
| : 230 Rent Lease & Ejectment | : 443 Housing/ Accommodations | B : 530 General | B : 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | : 900 Appeal of Fee Determination Under Equal Access to Justice |
| : 240 Torts to Land | : 444 Welfare | A : 535 Death Penalty | | A : 870 Taxes (U.S. Plaintiff or Defendant) | : 950 Constitutionality of State Statutes |
| : 245 Tort Product Liability | : 440 Other Civil Rights | B : 540 Mandamus & Other | | A : 871 IRS - Third Party 28 USC 7609 | : 890 Other Statutory Actions A or B |
| : 290 All Other Real Property | | B : 550 Civil Rights | | | |
| | | B : 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY:

Claims for damages and injunctive relief for, inter alia, trademark infringement (15 USC § 1114), unfair competition (15 USC § 1125(a)), circumvention of access control measures (17 USC § 1201), and various state common-law and statutory claims for unlawful hacking into proprietary cell phone software.

**LENGTH OF TRIAL**
via 5 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND: $_____

Check YES only if demanded in complaint:
**JURY DEMAND** : YES : **NO**

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE 12/16/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ JUDGE _____

$250.00   93388
12/21/05

WPB#634042.1