UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
05-23279-CIV-ALTONAGA/TURNOFF



**TRACFONE WIRELESS, INC.**

    Plaintiff,

vs.

**SOL WIRELESS GROUP, INC.
CARLOS PINO, JORGE ROMERO**

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH SUPPORTING MEMORANDUM OF LAW

Pursuant to Fed.R.Civ.P. 12(b)(6) and S.D. Fla. L.R. 7.1., Defendants, Sol Wireless Group, Inc. ("Sol Wireless"), Carlos Pino ("Pino") and Jorge Romero ("Romero"), by and through undersigned counsel, hereby move the Court to dismiss the Complaint filed herein by Plaintiff, TracFone Wireless, Inc. ("TracFone"). For the reasons set forth below, Defendant Romero should be dismissed entirely as a party as the Plaintiff has failed to allege any facts sufficient to establish any cause of action against him. Defendants Sol Wireless, Pino and Romero (on an alternative basis as to Romero) further request that the Court dismiss Counts III, V, VI, VII and VIII of the Complaint.[1]

---

[1] Although Defendants Sol Wireless and Pino are not moving to dismiss Counts I, II and IV, the majority view among the federal circuits is that a motion to dismiss part of a complaint tolls the time for responding to the remainder of the complaint. *See, e.g., Batdorf v. Trans Union*, 2000 WL 635455 *5 (N.D. Cal. 2000); *Oil Express National, Inc. v. D'Alesandro*, 173 F.R.D. 219, 220 (E.D. Ill. 1997); *Finnegan v. University of Rochester Medical Center*, 180 F.R.D. 247, 249-50 (W.D.N.Y. 1998); *Brocksopp Engineering, Inc. v. Bach-Simpson, Ltd.*, 136 F.R.D. 485 (E.D. Wis. 1991);

1



ISICOFF, RAGATZ & KOENIGSBERG, 1200 Brickell Avenue, Suite 1900, Miami, Florida 33131, Tel: 305.373.3232, Fax: 305.373.3233

## STATEMENT OF CASE

TracFone provides prepaid wireless telephone service. *See* Complaint at ¶ 9. Defendant Sol Wireless and its principals sell new and used wireless cellular telephones. The Complaint consists of eight counts. Although Plaintiff names Romero as a defendant in this action, the Complaint is devoid of any allegations that would establish any viable claim against him. Plaintiff alleges that the Defendants have violated federal and state trademark law by altering wireless cellular telephones bearing Plaintiff's trademark and reselling them to the public. The Complaint also alleges that Defendants have violated federal copyright law by disabling or erasing alleged proprietary software contained in phones bearing Plaintiff's trademark. In addition, Plaintiff asserts several claims under Florida law, including claims for unfair and deceptive trade practices and tortious interference with Plaintiff's business relationships. Portions of Plaintiff's Complaint are subject to dismissal as to all Defendants and the entire complaint is subject to dismissal as to individual Defendant Romero.

## MEMORANDUM OF LAW

### A. Standard For Ruling Upon a Motion to Dismiss

A motion to dismiss for failure to state a claim upon which relief properly is granted when

---

*Business Incentives Co. v. Sony Corp. of America*, 397 F.Supp. 63 (S.D.N.Y. 1975). Defendants are unaware of controlling authority of this Court on the issue but other district courts within the Eleventh Circuit have ruled in accordance with the majority view. *See, e.g., Strain v. Merrill Lynch & Co.*, 2003 WL 23727985 at n. 1 (M.D. Fla., Jan. 13, 2003); *Matosky v. The Parts Pros Automotive Warehouse, Inc.*, 2001 WL 34640952 at n. 1 (M.D. Fla., Feb. 14, 2001); *Ulmer v. Life Ins. Co. of North America,* 2000 WL 34428707 at n. 2 (M.D. Fla., June 8, 2000). To the extent that this Court should not follow the majority view, Defendants respectfully move to extend the time to respond to any remaining counts of the Complaint that are not the subject of this motion until ten days after the disposition of the instant motion. The requested extension will serve the interests of judicial economy by, *inter alia*, avoiding the need for piecemeal responses to pleadings and eliminating uncertainties with respect to pleading and discovery obligations. *See, e.g.,* 5A Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE § 1346 at 181 (1990 & 1999 Supp. at 112).

it appears beyond doubt that a plaintiff can prove no set of facts in support of a claim for relief. *Conley v. Gibson*, 355 U.S.41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The factual allegations made in a complaint should be "plead with sufficient clarity so as to give the defendant fair notice of what Plaintiff's claim is *and the grounds for which it rests.*" *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 902, 904 (11th Cir. 1993) (emphasis added by the court) (quoting *Conley v. Gibson*, 355 U.S. at 47).

**B.     Defendant Romero Should Be Dismissed From This Case Entirely**

The Complaint does not contain a single allegation that would support any of the asserted causes of action against Defendant Romero. Nowhere is Mr. Romero alleged to have participated in any unlawful conduct, much less any conduct at all. He is never mentioned in the body of the complaint except in paragraph six for jurisdictional purposes and the eight counts asserted by TracFone are merely asserted against "Defendants" without any identification of Mr. Romero or his purported connection to the alleged wrongful conduct.

The *Federal Rules of Civil Procedure* require, not only a statement of the claim providing a defendant fair notice of the claim, but the grounds upon which a claim rests. *See Conley*, 355 U.S. at 47. Moreover, to sustain a claim against an individual defendant for infringement, the plaintiff must show some connection between the individual and acts of infringement. *See Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d (11th Cir. 1991). *See also Mead Johnson & Co. v. Baby's Formula Service, Inc.*, 402 F.2d 19, 23 (5th Cir. 1968) (trademark can be infringed by an individual when an individual performs acts violative of trademark law). This Court continues to follow the rationale established in *Chanel, Inc.*, holding that "[i]f an individual actively and knowingly caused the infringement, he [or she] is personally liable." *Turner Greenberg Assoc., Inc. v. C&C Imps., Inc.*, 320 F. Supp. 2d 1317,1334 (S.D.Fla. 2004) (quoting *Chanel, Inc.*, 931 F.2d at 1477).

3

The Plaintiff has failed to allege even the slightest connection between Mr. Romero and any of the conduct described in the eight counts, including the infringement counts. As such, it is clear that all claims asserted against Defendant Romero should be dismissed. *See, e.g., Drink Group, Inc. v. Gulfstream Communications, Inc.*, 7 F. Supp. 2d 1009, 1011 (N.D. Ill. 1998) (motion to dismiss individual officers of company in an infringement case granted where the complaint contained no allegations of individual wrongdoing).

C.  **Count III for Injury to Plaintiff's Business Reputation and Dilution under Florida Law Fails to State a Proper Claim for Relief**

Count III is asserted pursuant to §495.151, *Florida Statutes*, commonly referred to as Florida's Anti-dilution Statute. The purpose of Florida's Anti-dilution Statute is to prevent the subsequent use of similar marks on *dissimilar* products. *Harley-Davidson Motor Co. v. Iron Eagle of Cent. Florida, Inc.*, 973 F.Supp. 1421, 1426 (M.D. Fla 1997) (emphasis added by Court). Florida's Anti-dilution Statute seeks to protect the distinctiveness of a mark by prohibiting a mark's use on goods or services entirely distinct from the original ones. *Id.* ("[t]he doctrine has no application when the question is whether the marks being used on goods of substantially the same descriptive properties are similar enough to cause confusion in the minds of consumers with respect to the source of goods") (quoting *Cmty. Fed. Savs. and Loan Assoc. v. Orondorff*, 678 F.2d 1034, 1037 (11th Cir. 1982)). Thus, where a defendant is alleged to be using an identical or similar mark of the plaintiff on the same or similar goods, a claim under this statute is improper. *Id.* (dilution claim under Florida law improper where defendant used a logo similar to that of the Harley-Davidson trademark on defendant's motorcycles, parts and accessories). *See also Portionpac Chem. Corp. v. Sanitech Sys., Inc.*, 210 F. Supp.2d 1302, (M.D. Fla. 2002) (dilution claim under Florida law dismissed because defendant's alleged use of plaintiff's trademark was on similar goods).

4

The Defendants are alleged to have used the TracFone mark on the exact type of goods that are sold by Plaintiff. The asserted allegations do not establish a proper basis for a claim under §495.151, *Florida Statutes*. Accordingly, this claim should be dismissed *with prejudice* and Plaintiff's request for preliminary and permanent injunctive relief should be denied.

**D.     Counts V and VI Should be Dismissed Because Plaintiff Fails to State a Claim Under 17 U.S.C. §1201**

The Complaint asserts two counts under 17 U.S.C. §1201: Count V - Circumvention of Technological Measures that Control Access to Proprietary Software and Count VI - Trafficking in Services that Circumvent Technological Measures Protecting Proprietary Software. Both of these Counts pertain to alleged proprietary software of Plaintiff. Federal authority provides that such a claim only can be sustained after plaintiff demonstrates the existence of a valid copyright registration for the work for which protection is sought.

17 U.S.C. §1201, commonly referred to as the Digital Millennium Copyright Act, states in pertinent part:

> (A) No person shall circumvent a technological measure that effectively controls access to a ***work protected under this title.***

17 U.S.C. §1201 (a)(1)(A)(emphasis added).

The initial inquiry under such a claim should be whether a plaintiff can show the existence of a "work protected under this title" or, in other words, a valid copyright registration. No such allegation is contained in the Complaint and, thus, both Counts V and VII fail as a matter of law. *See DSMC, Inc. v. Convera Corp.*, 273 F. Supp.2d 14, (D.D.C. 2002) (copyright claim filed in federal court prior to an application for copyright is legally barred). Accordingly, dismissal of these claims is mandated as a result of Plaintiff's failure to plead ownership of a valid copyright registration.

ISICOFF, RAGATZ & KOENIGSBERG, 1200 Brickell Avenue, Suite 1900,Miami, Florida 33131, Tel: 305.373.3232, Fax: 305.373.3233

### E. Florida Law Does Not Recognize a Cause of Action for Tortious Interference with Prospective Customers

Count VII of the Complaint alleges that the Defendants tortiously interfered with TracFone's relationship with prospective customers. The Florida Supreme Court, however, rejected this precise argument in *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812 (Fla. 1994). Count VII fails to state a claim under Florida law and, accordingly, this claim should be dismissed.

The elements of tortious interference with a business relationship are: (1) existence of a business relationship; (2) knowledge of the relationship on the part of a defendant; (3) an intentional and unjustified interference with the relationship by defendant; and (4) damage to plaintiff as result of a breach of the relationship. *Id.* at 814. To satisfy the first element, the plaintiff must demonstrate that "the alleged business relationship . . . afford[s] the plaintiff existing or prospective legal or contractual rights." *Id.* (quoting *Register v. Pierce*, 530 So. 2d 990, 993 (Fla. 1st DCA 1988)). The *Ethan Allen* court expressly rejected the plaintiff's claim that a relationship existed with prospective, unidentified customers and past customers with whom it expected to do business in the future. "An action for tortious interference with a business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed." *Ethan Allen*, 647 So. 2d at 815. Such a relationship does not exist with "the community at large." *Id.*

In this case, TracFone claims interference with its business relationship with customers who may or may not have purchased its goods/services. *See* Complaint at ¶60. TracFone has no legal or contractual relationship with individuals who had not yet purchased its phones, just as Ethan Allen had no legal or contractual relationship with customers who had not yet purchased its furniture. Plaintiff's claim for tortious interference is defective and subject to dismissal.

ISICOFF, RAGATZ & KOENIGSBERG, 1200 Brickell Avenue, Suite 1900, Miami, Florida 33131, Tel: 305.373.3232, Fax: 305.373.3233

F.  **TracFone Cannot Sustain a Cause of Action for Tortious Interference with its Relationship with Nokia**

Count VIII of the Complaint also fails to state a cause of action. In this Count, Plaintiff seeks damages for the Defendant's alleged tortious interference with its relationship with Nokia. However, because TracFone has failed to allege sufficient facts to satisfy the fourth element of this cause of action - - damage to Plaintiff resulting from a breach of its business relationship with Nokia - - this claim must be dismissed. TracFone alleges that the Defendants' actions have "jeopardized TracFone's business relationship with Nokia." *See* Complaint at ¶ 67. Florida law, however, does not recognize a cause of action against a defendant who has allegedly placed a business relationship of a plaintiff "in jeopardy." Instead, it requires that the plaintiff allege (and ultimately prove) that it has suffered damages flowing from an *actual breach* of a relationship caused by a defendant. Simply put, because the Complaint is devoid of any allegation that Defendants caused Nokia to breach its relationship with Plaintiff, this claim cannot survive.

In *Chicago Title Ins. Co. v. Alday-Donalson Title Co.*, 832 So. 2d 810 (Fla. 2d DCA 2002), the Second District affirmed the dismissal of a claim of tortious interference where the plaintiff "failed to allege . . . that [defendant] caused the breach of these contracts." *Id.* at 813. "[C]ausation is established when one intentionally and improperly interferes with a business relationship between two other parties by 'inducing or otherwise causing' one party to breach or sever the business relationship." *St. Johns River Water Mgmt. Dist. v. Fernberg Geological Servs, Inc.*, 784 So. 2d 500, 505 (Fla. 5th DCA 2001) (citing *Gossard v. Adia Servs., Inc.*, 723 So. 2d 182 (Fla. 1998)). In the case at bar, TracFone does not allege that any breach or severance of its relationship with Nokia has occurred. Since Plaintiff alleges no facts to support a claim that its relationship with Nokia has been terminated or severed due to the Defendants' conduct, TracFone has failed properly to plead a cause

7

of action for tortious interference and that claim must be dismissed.

WHEREFORE, Defendant, Jorge Romero, respectfully requests that he be dismissed entirely from this action for Plaintiff's failure properly to assert any claim against him. In addition, Defendants (including Romero) request that this Court enter an order dismissing Counts III, V, VI, VII and VIII for their failure properly to assert legally sustainable causes of action. Count III should be dismissed with prejudice because Plaintiff's allegations make clear that such a claim cannot be asserted in this case.

> Respectfully submitted,
> ISICOFF, RAGATZ & KOENIGSBERG
> Attorneys for Defendants
> 1200 Brickell Avenue, Suite 1900
> Miami, Florida 33131
> Phone:     (305) 373-3232
> Fax:       (305) 373-3233
> Isicoff@irlaw.com
> Ragatz@irlaw.com
> Schwartz@irlaw.com
>
> By: _____
> Eric D. Isicoff
> Florida Bar No. 372201
> Teresa Ragatz
> Florida Bar No. 545170
> Stacy M. Schwartz
> Florida Bar No. 0520411

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via United States Mail this 19th day of January, 2006 upon those persons listed below.

Steven J. Brodie, Esq,
James B. Baldinger, Esq.
Carlton Fields, P.A.
P.O. Box 150
West Palm Beach, Florida 33402-0150

_____
Teresa Ragatz

G:\SOL WIRELESS\TracFone\Ple\IsmsMotion to Dismiss.wpd